UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE SHIPPEN, as parent Natural Guardian of, Taliyah Berry | : <br> : Civil Action No. <br> : |
| vs. | : <br> : |
| GINO CATALANO and ZAVCOR TRUCKING LIMITED | : <br> : |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLEASE TAKE NOTICE that Defendants, Gino Catalano and Zavcor Trucking, by and through their attorneys, Hendrzak & Lloyd, hereby file this Notice of Removal pursuant to 28 U.S.C. §1441(b) based upon jurisdiction under 28 USCA §1332, removing the above-captioned case filed by Plaintiff in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. The grounds for removal are as follows:

1.   This action was commenced by the filing of the Complaint on September 27, 2017 in the Court of Common Pleas of Philadelphia County.

2.   Plaintiff served her Complaint on Defendants on October 17, 2017. A copy of the Complaint is attached hereto as Exhibit "A".

## CITIZENSHIP OF PARTIES

3.   Plaintiff's Complaint alleges that Plaintiff is domiciled in Philadelphia, with an address of 3304 North 4th Street, Philadelphia, PA  19140.

4. Defendant, Zavcor Trucking Limited, is a corporation with its principle place of business in Stevensville, Ontario, Canada. Defendant, Gino Catalano, is domiciled in Niagra Falls, Ontario, Canada.

5. This matter is removable pursuant to 28 U.S.C.A. §1441(b) as there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332. Plaintiff is a citizen of the state of Pennsylvania. Defendants citizens of or have principle places of business in Canada.

### THIS REMOVAL NOTICE IS TIMELY

6. The removal of this matter from state to federal court is proper under 28 U.S.C.A. §1446 where the initial filing sets forth the claim for relief upon which the action is based and where the Complaint was filed and served upon Defendant less than thirty (30) days prior to the date this Notice of Removal was filed.

7. The Complaint was filed on May 25, 2017 and served on Defendants on August 27, 2017.

8. Thus, the removal is timely under 28 U.S.C. §1446.

### AMOUNT IN CONTROVERSY

9. Plaintiff seeks compensation for a motor vehicle accident that occurred on the Northeast Extension, Route 476, in Montgomery County on August 29, 2016. *See* Exhibit "A" at ¶¶5-7.

10. Plaintiff presents three separate *Ad Damnum* clauses seeking damages in excess of $50,000.00.

11. Plaintiff further alleges that the injuries are serious and permanent. Id. at ¶14.

12. Further, Plaintiff alleges great loss of earnings and earning capacity. Id. at ¶17.

13. It is believed and therefore averred, that from a reasonable reading of Plaintiff's Complaint, Plaintiff alleges monetary damages in excess of the sum of $75,000.00 exclusive of interests and costs.

## REMOVAL PREREQUISITES HAVE BEEN MET

14. This action is one over which this Court has original jurisdiction under 28 U.S.C. §1332 and is one that may be removed to this Court by the Defendant pursuant to 28 U.S.C. §1441, in that it is a suit consisting of a dispute between citizens of different countries and the matter in controversy exceeds the sum or value of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

15. The Notice of Removal has been timely made pursuant to 28 U.S.C. §1446(b).

16. Defendants have sought no similar relief with respect to this matter.

17. Concurrent with the filing of this Notice, Defendants are serving same upon Plaintiff's counsel and will promptly file a copy of the Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, PA.

WHEREFORE, Notice is hereby given of removal of the above matter from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

HENDRZAK & LLOYD

_____
WILLIAM E. SCHAEFER, ESQUIRE
Attorney for Defendants

Dated: 10/18/17

EXHIBIT "A"

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Brian F. George, Esquire
Andrew Baron, Esquire
Raymond Tarnowski, Esquire
Grady Lowman, Esquire
Ashley Oakey, Esquire
Jason Whalley, Esquire
Joshua Baer, Esquire
Michael K. Simon, Esquire
Sam Reznik, Esquire
Bryan Arner, Esquire

Mary G. McCarthy, Esquire
William Rhoades, Esquire
Michael Schlagnhaufer, Esquire
Alexander C. Hyder, Esquire
Erik Newman, Esquire
Daria Koscielniak, Esquire
Harry Gosnear, Esquire
Jessalyn Gillum, Esquire
Fabianna Pergolizzi, Esquire
Ashley Keefer, Esquire
Katie Walsh, Esquire
Daniel Ward, EsquireAttorneys for
Plaintiff(s)

Attorney I.D. No.
201798
1515 Market Street, Suite 1600
Philadelphia, PA 19102
(215) 467-4666

| | |
|---|---|
| Charmaine Shippen as parent natural Guardian of Taliyah Berry (minor) 3304 North 4th Street Philadelphia, PA 19135 | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff v. Gino Catalano 5566 Robinson Street Niagara Falls ON L2G2A-8 And Zavcor Trucking Limited 3650 Eagle Street Stevensville ON L0S1S0 Defendants | September Term, 2017 No. |

Case ID: 170903134

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE**<br>**One Reading Center**<br>**Philadelphia Pennsylvania 19107**<br>**Telephone: (215) 238-1701** | **ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**Teléfono: (215) 238-1701** |

Case ID: 170903134

## COMPLAINT

1. Plaintiff, Charmaine Shippen, as parent natural guardian of Taliyah Berry, minor, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Gino Catalano, is a resident of the Ontario, Canada, residing at the address listed in the caption of this Complaint.

3. Defendant, Zavcor Trucking Limited, is a business entity registered to do business in the Ontario, Canada, with a business address listed in the caption of this Complaint.

4. Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5. On or about August 16, 2016, at approximately 12:30 a.m., Plaintiff, was the passenger of a motor vehicle, which was traveling at or near the Pennsylvania Turnpike, in Milford Township, PA.

6. At or about the same date and time, Defendant, Gino Catalano, was the operator of a motor vehicle, which was owned by Defendant, Zavcor Trucking Limited, which was traveling at or near the aforesaid intersection and/or location of the vehicle in which Plaintiff was a passenger.

7. At about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with the vehicle in which Plaintiff was a passenger.

8. At all times relevant hereto, upon information and belief, Defendant, Gino Catalano, was operating the aforementioned defendant, Zavcor Trucking Limited's motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

Case ID: 170903134

9. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end the vehicle in which Plaintiff was a passenger.

10. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

11. As a result of the incident, Plaintiff suffered severe and permanent injuries as set forth more fully below.

<div align="center">

**COUNT I**
**Taliyah Berry v. Gino Catalano**
**Negligence**

</div>

12. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

13. The negligence and/or carelessness of Defendant, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consists of, but is not limited to:

    a. Rear-ending the vehicle in which Plaintiff was a passenger;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

    d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

    e. Failing to have said vehicle under proper and adequate control;

    f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or the vehicle in which Plaintiff was a passenger;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Driving too fast for conditions;

u. Violating the Pennsylvania Vehicle Code;

    v.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

14. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

15. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

17. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

18. As a further result of the injuries sustained, plaintiffs have, are presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, but not in excess of Seventy-Five Thousand ($75,000.00), plus all costs and other relief this court deems necessary.

### COUNT II
### Taliyah Berry v. Zavcor Trucking Limited
### Negligent Entrustment

20. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

21. The negligence and/or carelessness of Defendant, Zavcor Trucking Limited, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant, Gino Catalano, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting Gino Catalano, to operate the motor vehicle when Defendant, Zavcor Trucking Limited, knew, or in the exercise of due care and diligence, should have known that Defendant, Gino Catalano, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Zavcor Trucking Limited, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Gino Catalano's negligent operation of the motor vehicle.

Case ID: 170903134

22. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his/her personal property, all to Plaintiff's great loss and detriment.

26. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, but not in excess of Seventy-Five Thousand ($75,000.00), plus all costs and other relief this court deems necessary.

### COUNT III
**Taliyah Berry v. Zavcor Trucking Limited**

Case ID: 170903134

## Respondeat Superior

28. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

29. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

    a. Rear-ending the vehicle in which Plaintiff was a passenger;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

    d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

    e. Failing to have said vehicle under proper and adequate control;

    f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g. Violation of the assured clear distance rule;

    h. Failure to keep a proper lookout;

    i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or the vehicle in which Plaintiff was a passenger;

    j. Being inattentive to his duties as an operator of a motor vehicle;

    k. Disregarding traffic lanes, patterns, and other devices;

    l. Driving at a high rate of speed which was high and dangerous for conditions;

    m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Driving too fast for conditions;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles;

30. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

31. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the

future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

33. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

34. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, but not in excess of Seventy-Five Thousand ($75,000.00), plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____/s_____
Marc I. Simon, Esquire
Simon & Simon, P.C.
1515 Market Street
Suite 1600
Philadelphia, PA 19102
215-467-4666
*Attorney for Plaintiff*

Case ID: 170903134

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARMAINE SHIPPEN, as parent** | : | |
| **Natural Guardian of, Taliyah Berry** | : | **Civil Action No.** |
| | : | |
| **vs.** | : | |
| | : | |
| **GINO CATALANO and ZAVCOR** | : | |
| **TRUCKING LIMITED** | : | |

## CERTIFICATE OF SERVICE

I, William E. Schaefer, Esquire, hereby certifies that service of a true and correct copy of the within Notice of Removal was made on this date via electronic filing and/or U.S. First Class Mail to the following parties:

Marc I Simon, Esquire
Simon & Simon, P.C.
1515 Market Street
Suite 1600
Philadelphia, PA 19102
*Counsel for Plaintiff*

Respectfully Submitted,

**HENDRZAK & LLOYD**

WILLIAM E. SCHAEFER, ESQUIRE
Attorney for Defendants

Dated: October [illegible], 2017